UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT J. SEARIGHT,

      Plaintiff,

v.                                                CASE NO. 8:07-cv-1045-T-26MAP

MICHAEL J. ASTRUE,
Commissioner of
Social Security

      Defendant.
_____/

## **ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's denial of his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).[1] At issue is whether the ALJ erred at step five of the sequential analysis by exclusively relying on the grids given the Plaintiff's nonexertional impairments, namely, pain, learning disabilities, and a history of seizures. After considering the Plaintiff's arguments, the Commissioner's response, and the administrative record, I find that the ALJ should have consulted with a vocational expert; accordingly, the matter is remanded for further administrative proceedings.

*A. Background*

Plaintiff, who was 32 years old at onset of disability (May 22, 1999), reports previous

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (doc. 11)

1

employment as a driver's helper and loader of produce, as well as other work as a laborer cleaning and picking up chickens. Although he has a high school education that included both regular and special education classes, his ability to read and do math is limited. For example, the field officer noted the Plaintiff had difficulty in concentrating and answering questions for the disability report (R. 91). Plaintiff alleges disability due to seizures, learning disability, and the pain caused by multiple skeletal injuries to the neck, shoulders, back, and lower extremities sustained in a January 2003 automobile accident, all of which the ALJ found to be severe impairments at step two of the sequential analysis. While the ALJ found these impairments prohibited the Plaintiff from performing his past work, relying on Medical-Vocational Guidelines ("grids," *see* 20 C.F.R. Part 404, Subpart P) at step five of the analysis, the ALJ concluded the Plaintiff was not disabled. In short, the ALJ's imposed limitation that the Plaintiff not work around hazards did not prevent him from performing a wide-range of light work.[2] The Plaintiff now seeks judicial review of this decision.

    *B. Standard of Review*

The Social Security Administration promulgated the detailed regulations currently in effect in order to regularize the adjudicative process. These regulations establish a "sequential

---

[2] "Light work" per the regulations (20 C.F.R. §§ 404.1567(b), 416.967(b)) is defined as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a); 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform the tasks required of his or her prior work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy considering his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.

1987) (remanding for clarification).

*C. Discussion*

At step five of the sequential evaluation, the burden shifts to the ALJ to prove by a preponderance of the evidence that there are a significant number of jobs in the national economy that the claimant is able to perform. *Gibson v. Heckler,* 762 F.2d 1516, 1518 (11th Cir. 1985). At this stage, the ALJ can use either the grids or the testimony of a vocational expert to discharge the regulatory burden. *Foote, supra,* 67 F.3d at 1559. But the grids are not appropriate in all circumstances. *Id.* "Exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual level *or* when a claimant has nonexertional impairments that significantly limit basic work skills." *Phillips v. Barnhart,* 357 F.3d 1232, 1242 (11th Cir. 2004) (emphasis in original) quoting *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir. 1985).[3] Not surprisingly, where nonexertional impairments are present the circuit dictates a preference for the opinion testimony of a vocational expert on the claimant's ability to do work in the national economy at a given functional level. *MacGregor v. Bowen,* 786 F.2d 1050, 1054 (11th Cir. 1986) (use of vocation expert is the preferred method in such situations).

Because the Plaintiff does not challenge the ALJ's findings as to his exertional limitations, the sole issue is whether his nonexertional impairments "significantly limit" his basic works skills. *Id.* at p. 1243. Namely, do his nonexertional impairments of pain due to skeletal injuries sustained in automobile accidents, learning disabilities, and seizure, prohibit him from

---

[3] An exertional impairment is one that limits an individual's ability to meet job strength requirements. Pain would be a nonexertional impairment. *Foote* at 1559.

4

performing a "*wide* range" of work at the light level? *Id.* And in making this assessment, has the ALJ issued a "specific finding" as to whether these non-exertional limitations are severe enough to preclude a wide range of employment at that work level? *See Foote* at 1559; *see also Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Against these standards, the ALJ did not address any of the Plaintiff's nonexertional impairments in any detail that would offer a meaningful review despite his findings they were severe. And while the ALJ determined that Plaintiff could not work around hazards, she simply concluded this did not significantly detract from the range of work he could perform as supported by the grids (R. 20).[4] Her exclusive reliance on the grids when confronted with the Plaintiff's nonexertional impairments contradicts the circuit's preference for the use of a vocational expert in such circumstances.

    The Eleventh Circuit specifically addressed this issue in *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Marbury, like this plaintiff, suffered from recurrent seizures and could not work around hazards such as heights and dangerous machinery. And like here, the ALJ exclusively applied the grids to find this limitation did not significantly diminish the range of light work Marbury could perform. *Id.* Rejecting that approach, the court found that a vocational expert's testimony was only unnecessary "when the claimant can clearly do *unlimited* types of light work." 957 F.2d at 839 (citing *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989) (emphasis in original)). Because environmental restrictions prevented Marbury from doing some types of light work, the ALJ should have used a vocational expert. *Id.*; *accord Williams v. Halter*, 135 F. Supp. 2d at 1235, 1239 (finding that environmental limitations

---

[4] To the extent the Commissioner relies on SSR 85-15 to support the ALJ's decision, that reliance is misplaced. SSR- 85-15 applies when the claimant has "soley nonexertional impairments." *See Williams v. Halter,* 135 F.Supp.2d 1225, 1238-39 (M.D. Fla. 2001).

resulting from a seizure disorder precluded some sedentary employment and necessitated the use of a vocational expert at step five).

   *C. Conclusion*

For the reason stated, it is hereby

ORDERED:

1. The Commissioner's decision is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2. The Clerk of Court is directed to enter judgment for the Plaintiff.

DONE AND ORDERED at Tampa, Florida on June 13, 2008.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE